David Charles KIRKLAND, Appellant

v.

The STATE of Texas, Appellee

NO. 09–14–00308–CR

Court of Appeals of Texas, Beaumont.

Submitted on December 11, 2015

Opinion Delivered March 2, 2016

Judith Shields, Conroe, TX, for Appellant.

Brett W. Ligon, District Attorney, Amy Waddle, William J. Delmore III, Assistant District Attorney, Conroe, TX, for Appellee.

Before McKeithen, C.J., Kreger and Horton, JJ.

## OPINION

CHARLES KREGER, Justice

David Charles Kirkland was charged by indictment with fraudulent use of identifying information. Kirkland pled guilty to the charged offense without an agreed recommendation as to punishment. After a punishment hearing, the trial court assessed punishment at five years of imprisonment. On appeal, Kirkland contends the trial court erred in assessing attorney fees against him. We modify the judg-

ment of the trial court to delete the assessment of attorney fees and affirm the judgment as modified.

## I. Background

Kirkland was arrested for fraudulent use of identifying information. On September 26, 2013, Kirkland posted a $3,000 bond. On November 21, 2013, Kirkland applied for a court-appointed attorney. According to Kirkland's application, he had no income and no assets at the time he filed the application. The application includes the following two paragraphs:

I am able to pay AND HEREBY AGREE TO PAY per month to help offset the cost of providing a court appointed attorney to me until I have paid the amount of $350.00.

On this 21 day of NOVEMBER, 2013, I have been advised by the [9th District] Court of my right to representation by counsel in the trial of the charge pending against me. I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. By signing my name below, I swear, that all of the above information about my financial condition is current, accurate, and true. By signing below, I understand that a court official can verify any of the information for accuracy as required to determine my eligibility.

Kirkland signed the application and it was notarized. *See* Tex.Code Crim. Proc. Ann. art. § 26.04(n) (West Supp.2015) (explaining that upon requesting a determination of indigence, the defendant must detail his financial resources under oath).[1] The same day, the trial court appointed counsel to represent Kirkland in the trial court.

On April 30, 2014, Kirkland entered a plea of guilty to the offense in the indictment. At the end of his plea hearing, the trial court informed Kirkland that he was going to allow Kirkland to remain out on bond until the punishment hearing. Kirkland confirmed with the court that the conditions of his bond would allow him to leave the state to work.

When Kirkland failed to appear for his presentence investigation interview, the court ordered him taken into custody on May 19, 2014, where he remained until his punishment hearing. On June 23, 2014, the trial court reconvened to determine Kirkland's punishment. During the punishment hearing, Kirkland informed the court that he has a job waiting for him when he gets out of jail. He testified that while he was out on bond, he performed landscaping and tree removal services. The trial court entered a judgment of conviction on June 23, 2014. Therein, the trial court sentenced Kirkland to five years of confinement and ordered him to pay $400 in court-appointed attorney fees and $239 in court costs. The trial court appointed Kirkland appellate counsel on July 17, 2014.

## Attorney Fees

In his only issue, Kirkland contends the trial court abused its discretion in ordering him to pay attorney fees when there is no evidence showing that his finances had undergone a material change after having been declared indigent. The State responds that the trial court did not err in ordering Kirkland to pay attorney fees because there is evidence in the record that Kirkland had the ability to pay.

---

1. We cite to the current version of the statute as the subsequent amendments do not affect the outcome of this appeal.

Article 26.05(g) of the Texas Code of Criminal Procedure provides that once a defendant is declared indigent, a trial court may order a defendant to pay for the costs of legal services only when "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided[.]" Tex.Code Crim. Proc. Ann. art. 26.05(g) (West Supp.2015) [2]. "[N]ot only must the trial court make a determination regarding the defendant's ability to pay, the record must reflect some factual basis to support that determination." *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex.App.—Amarillo 2012, no pet.). A "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer v. State*, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010). Once declared indigent, a defendant is "presumed to remain indigent unless there is a 'material change' in his financial status, and in the absence of any indication in the record that his financial status has in fact changed, the evidence will not support an imposition of attorney fees." *Wiley v. State*, 410 S.W.3d 313, 317 (Tex.Crim.App.2013); *Mayer*, 309 S.W.3d at 557; *see Roberts v. State*, 327 S.W.3d 880, 883–84 (Tex.App.—Beaumont 2010, no pet.); *see also* Tex.Code Crim. Proc. Ann. art. 26.04(p). An appellant may challenge the imposition of court-appointed attorney fees for the first time on appeal by raising a sufficiency of the evidence issue and need not preserve the claim by a trial objection. *Mayer*, 309 S.W.3d at 556. We review the evidence in the light most favorable to the judgment when deciding whether the record contains legally suffi-cient evidence of the defendant's financial resources and ability to pay. *Id.* at 557.

The State argues that Kirkland "was free on bond and working at least occasionally" and had the ability to post a $3,000 surety bond before the court determined he was indigent and appointed him counsel. That Kirkland was able to post bond nearly nine months before the court ordered him to pay attorney fees is not relevant to the determination of his financial status at the time the judgment was entered. *See Wolfe*, 377 S.W.3d at 146 (indicating that determination of a defendant's ability to pay attorney fees must be made at the time of the judgment or order at issue). While the State contends that Kirkland was working while out on bond, there is no evidence in the record to show that Kirkland's employment during this time was adequate and actually gave him the ability to pay attorney fees.

The State also argues that during the April plea hearing, Kirkland's counsel informed the court that Kirkland was working in Louisiana. And, after taking Kirkland's guilty plea, the court released Kirkland to continue working before his punishment hearing. There is no evidence in the record regarding how frequently Kirkland worked or how much he had earned during this time. Additionally, less than a month after Kirkland was released to continue working, he was arrested and remained in custody until his punishment hearing, which was held more than a month later. That Kirkland had obtained some type of employment for a month is not sufficient to show that he has the financial resources that enable him to offset the costs of the legal services provided. We conclude there is no factual basis in the record to show that

**2.** We cite to the current version of the statute as the subsequent amendments do not affect the outcome of this appeal.

Kirkland's financial circumstances materially changed after he was declared indigent or that he otherwise had the ability to pay attorney fees at the time judgment was entered.

We further note that the attorney fees assessed by the trial court have not been included as part of court costs as anticipated under article 26.05(g), but rather provided in addition to court costs. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (stating "the judge shall order the defendant to pay . . . as court costs the amount that the judge finds the defendant is able to pay"). The record does not show that the trial court ever reconsidered its initial determination of indigency, found the occurrence of a material change in Kirkland's financial circumstances, or found that he had an ability to offset the cost of legal services provided. *See* Tex.Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g).

The State contends that in Kirkland's application for court-appointed counsel, he stipulated his ability to repay the county up to $350 for the cost of providing him with court-appointed counsel. Thus, according to the State, Kirkland "effectively waived the requirement that the trial court determine whether [Kirkland] had 'financial resources' at the time of conviction that enabled him to reimburse the county for attorney's fees."

Despite the form language used in the application indicating that Kirkland was "able to pay" monthly payments to offset the cost of his court-appointed attorney, the application also shows that Kirkland had no assets and no monthly income. Moreover, Kirkland's application is dated November 21, 2013, the very day the court appointed him counsel because of his indigent status. Additionally, the trial court ordered Kirkland to pay attorney fees nearly seven months later. By that time, the seven-month-old application provided

no insight into Kirkland's financial status at the time he was ordered to pay attorney fees. *See Wolfe*, 377 S.W.3d at 146; *see also Perez v. State*, 280 S.W.3d 886, 887 (Tex.App.—Amarillo 2009, no pet.) (concluding the evidence was insufficient to support levy of attorney fees on defendant when the only evidence related to defendant's ability to pay attorney fees was the form defendant completed to secure a court-appointed attorney, and that form showed defendant unemployed and living with a relative). Additionally, one month after the court ordered Kirkland to pay attorney fees, the trial court once again appointed him counsel to represent him on appeal because he was indigent.

To the extent that the State's brief argues that Kirkland's application with the Office of Indigent Defense was essentially a contract wherein Kirkland forfeited his right to a 26.05(g) determination, we disagree. We find the majority opinion in *Wolfe* persuasive. In *Wolfe*, the court of appeals held that an agreement to pay attorney fees as part of a plea bargain alone was insufficient to support the trial court's assessment of attorney fees even though that provision was made a condition of defendant's community supervision. 377 S.W.3d at 144–46. The court reasoned that "agreeing to pay attorney's fees as a condition of community supervision and having the actual ability to pay those fees are two entirely different concepts." *Id.* at 146.

Because the record shows that Kirkland had court-appointed counsel at trial and on appeal and is devoid of evidence that Kirkland had the financial resources that would enable him to offset in part, or in whole, the costs of the legal services provided him, we conclude the order assessing attorney fees is not supported by sufficient evidence and is thus improper. We sustain Kirkland's sole is-

sue and modify the judgment to delete the assessment of attorney fees. *See* Tex. R.App. P. 43.2(b); *see also Banks v. State,* 708 S.W.2d 460, 462 (Tex.Crim.App.1986) (providing that an appellate court may correct the judgment on appeal when it has the necessary data and evidence before it to do so). We affirm the judgment of the trial court as modified.

AFFIRMED AS MODIFIED.