# NO. 12-23-00068-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WALTER PHILLIP SCHUMANN, SR., APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Walter Phillip Schumann, Sr., appeals his conviction for possession of a controlled substance. He raises two issues on appeal. We affirm as modified.

## BACKGROUND

On December 2, 2020, Appellant was indicted for possession of a controlled substance, penalty group one, in an amount less than one gram, a state jail felony as alleged.[1] On March 10, 2021, the trial court appointed Appellant's trial counsel. On April 18, 2022, the trial court approved a negotiated plea agreement and sentenced Appellant to two years of confinement in a state jail facility, probated for four years. The trial court also assessed court costs and attorney's fees against Appellant.

On October 6, the State filed a motion to revoke Appellant's community supervision, alleging that he violated the terms of his community supervision. On December 5, the trial court again appointed Appellant trial counsel. On February 13, 2023, the trial court conducted a contested hearing on the State's motion. The State abandoned one of the allegations and Appellant pleaded "not true" to the remaining allegation paragraphs in the State's motion. At the conclusion of the hearing, the trial court found the allegations in the State's motion to be "true," revoked

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2023).

Appellant's community supervision, and sentenced him to fifteen months of confinement in a state jail facility.

The trial court also assessed $374.00 in court costs and $1,115.00 in attorney's fees against Appellant. On February 15, the trial court appointed appellate counsel to represent Appellant. This appeal followed.

<h2 align="center">ATTORNEY'S FEES</h2>

In his first issue, Appellant argues that the trial court erred when it ordered that he reimburse the county for his court-appointed attorney's fees incurred in the amount of $1,115.00.

**Standard of Review and Applicable Law**

The Texas Code of Criminal Procedure authorizes the appointment of counsel for indigent defendants. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2023). The Code also provides that once a defendant is declared indigent, a trial court may order a defendant to pay for the costs of legal services only when "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided[.]" *Id*. art. 26.05(g) (West Supp. 2023). A defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of fees. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Once declared indigent, a defendant is "presumed to remain indigent unless there is a 'material change' in his financial status, and in the absence of any indication in the record that his financial status has in fact changed, the evidence will not support an imposition of attorney fees." *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Mayer*, 309 S.W.3d at 557; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p).

Importantly, "[b]efore attorney's fees may be imposed, the trial court must make a determination *supported by some factual basis in the record* that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided." *Stinecipher v. State*, 438 S.W.3d 155, 165 (Tex. App.—Tyler 2014, no pet.) (emphasis added). "If the record does not show that the defendant's financial circumstances materially changed, the evidence will be insufficient to support the imposition of attorney's fees." *See id.* (citing TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d 552, at 557; *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.)).

**Discussion**

There are two bill of costs in this case: (1) the original "Bill of Costs" issued on April 18, 2022, as part of the original judgment finding Appellant "guilty," probating his sentence, and placing him on community supervision; and (2) the "*Revocation* Bill of Costs" for the revocation proceeding issued on February 13, 2023. Appellant agreed to pay attorney's fees as part of the terms of his initial community supervision. Appellant does not appear to challenge that assessment in this direct appeal, and such a challenge would be untimely in any event. *See Wiley*, 410 S.W.3d at 318 (holding defendant whose community supervision has been revoked forfeited challenge to court-appointed attorney's fees by failing to bring such claim in direct appeal from order originally imposing community supervision). Rather, he challenges in this direct appeal the separate assessment of $1,115.00 in attorney's fees incurred as part of the revocation proceeding identified in the "*Revocation* Bill of Costs," which appears to be a distinct itemized bill of costs from the original bill of costs.

Appellant filed three separate applications for a court appointed attorney: (1) after his indictment, (2) when the State filed its motion to revoke his community supervision, and (3) prior to his appeal. The trial court appointed counsel after each application. Because counsel may be appointed only when indigency is shown, we presume that the trial court determined that Appellant was indigent before appointing counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a); *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988). Furthermore, in the order appointing counsel for this appeal, the trial court specifically found that Appellant was indigent. Additionally, after the trial court appointed appellate counsel, Appellant filed, and the trial court granted, Appellant's motion for a free reporter's record on appeal, specifically finding that Appellant "cannot pay or give security for the appellate record."

Nevertheless, the trial court made a "special finding" in its judgment revoking Appellant's community supervision as follows:

> Restitution Payable to: (See special finding or order of restitution which is incorporated herein by this reference.).
>
> . . . .
>
> **Furthermore, the following special findings or orders apply:** The Court finds that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant. Therefore, the Court ORDERS Defendant to pay the Court Appointed Attorney Fees in this case.

3

Finally, at the conclusion of the revocation hearing, the trial court specifically assessed "court costs and attorney's fees reimbursement," and stated thereafter that "I am finding that he has financial ability."

Essentially, the trial court made a finding that Appellant has the ability to offset in part or in whole the costs of his legal services, but this finding must have some factual basis in the record. *See Stinecipher,* 438 S.W.3d at 165; *see also Kirkland v. State*, 488 S.W.3d 379, 382 (Tex. App.—Beaumont 2016, no pet.) ("[N]ot only must the trial court make a determination regarding the defendant's ability to pay, the record must reflect some factual basis to support that determination."); *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.) (same).

Although the trial court made the finding that Appellant had the ability to pay attorney's fees, such a finding is unsupported by any factual basis in the record. In fact, the trial court's implied and express findings of indigency, appointment of counsel at each stage of the case, and its grant of a free record on appeal, are all in direct contravention to its finding that Appellant had the ability to pay any portion of his attorney's fees. We find no facts in the record to support a finding that, since the court made its initial indigency finding, Appellant's financial circumstances materially changed such that he now has the financial resources to enable him to offset, in whole or in part, the costs of the legal services provided. As the State acknowledges, "Appellant is correct in his statement that 'there is nothing in the record evidencing a material change in Appellant's ability to pay court appointed attorney fees.'"[2]

Therefore, there is no basis for the order to reimburse attorney's fees. Accordingly, the court erred by ordering Appellant to reimburse the county for attorney's fees assessed against him in the revocation proceeding. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 553, 557; *Johnson*, 405 S.W.3d at 354. We sustain Appellant's first issue.

## COURT COSTS

In his second issue, Appellant argues that the trial court erred by failing to immediately conduct an ability-to-pay inquiry on the record prior to assessing court costs against him.

---

[2] The trial court made the same special finding regarding Appellant's ability to pay in the original judgment of conviction placing him on community supervision as well as the judgment revoking his community supervision. But neither is supported by any evidence of a material change in circumstances regarding Appellant's ability to pay.

Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and generally is not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); ***Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *see also **Johnson***, 405 S.W.3d at 354.

However, the Texas Code of Criminal Procedure provides in pertinent part as follows:

> (a-1) Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:
>
> (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals;

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1)(1) (West Supp. 2023). Therefore, harmonizing these provisions, a defendant must generally be assessed court costs without regard to his ability to pay them. *See id.* art. 42.16. However, the trial court must conduct an ability-to-pay inquiry on the record to determine if he has sufficient resources or ability to *immediately* pay all or part of the costs. *See id.* art. 42.15(a-1). If he does not have such resources at that time, then the trial court has various options, including, as relevant here, the option to require that they be paid at some later date or in a specified portion at designated intervals. *See id.*

Here, at the conclusion of the revocation hearing, the trial court specifically assessed "court costs and attorney's fees reimbursement," and stated thereafter that "I am finding that he has financial ability." The trial court also made the above-described written special finding, but that finding related only to Appellant's alleged ability to pay attorney's fees and was silent on his ability to pay court costs. In summary, the trial court made a verbal *finding* on the record that Appellant had the ability to pay costs but did not conduct an *inquiry on the record* of his ability to pay, much less whether he had sufficient resources or income to *immediately* pay all or part of the costs. This finding is not tied to any evidence in the record. Moreover, the judgment is unaccompanied by an order to withdraw funds from Appellant's inmate account.

Appellant concedes that the judgment contained the "boiler plate" finding that: "After having conducted an inquiry into Defendant's ability to pay, the Court **Orders** Defendant to pay the fine, court costs, reimbursement fees, and restitution as indicated above and further detailed

below." But as he points out, Texas courts have recently held that the reviewing appellate court may not rely on this recital in the judgment alone, unaccompanied by evidence of an inquiry on the record of his ability to immediately pay all or part of the costs. *See, e.g.*, *Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at \*2–3 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. filed) (op., not released for publication) (holding presumption of regularity no longer applicable due to amendment requiring that inquiry be conducted *on the record* and that such right must be implemented by system unless waived by defendant).

However, even if we assume arguendo that the trial court abused its discretion, abating this appeal and remanding the cause to the trial court only is appropriate if the trial court's erroneous action, failure, or refusal to act prevents the proper presentation of the case to this court and the trial court can correct its action or failure to act. *See* TEX. R. APP. P. 44.4(a). This rule allows for the creation of a new record on remand in certain situations. *See* *LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007). When a trial court erroneously has withheld information necessary to evaluate a defendant's claim on appeal, e.g., failure to file required findings of fact, or has prevented the defendant from submitting information necessary to evaluate his claim, e.g., refusing to permit an offer of proof, the appellate court is directed to step in and order the trial court to correct the situation. *See* *id.*

Here, Appellant's sole contention on appeal with respect to this issue is that an ability-to-pay inquiry did not happen on the record. Appellant does not allege, for instance, that the trial court's failure strictly to comply with the statute prevented him from raising and developing a claim on appeal. Indeed, even in light of the trial court's failure to conduct the on-the-record inquiry mandated by Article 42.15(a-1), the result of such an inquiry, had it occurred, already is apparent from the record.

Specifically, the trial court's judgment sets forth that "[u]pon release from confinement, the Court orders Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or make arrangements to pay any fines, court costs, reimbursement fees, and restitution due." Appellant's argument on appeal with respect to this issue focuses on the first portion of Article 42.14(a-1).

But he makes no mention in his brief of the remaining portion of the statute, which states, in pertinent part, "If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the

6

fine and costs should be[,]" among other options, "required to be paid at some later date[.]" TEX. CODE CRIM. PROC. ANN. art 42.15(a-1)(1). Thus, because the trial court ordered (consistent with Article 42.15(a-1)(1)) that Appellant's payment of his court costs was not required to be made until he is released from confinement, it is apparent from the record that, despite its failure to conduct an on-record inquiry about Appellant's ability immediately to pay his court costs, it must have determined that Appellant did not have sufficient resources or income immediately to pay all or part of the costs. *See id.* art. 42.15(a-1)(1). This is likewise consistent with the verbal finding at the hearing. Although the trial court stated that Appellant "had the ability to pay," she did not state that he had the ability to immediately pay the costs, which is consistent with the above-described written finding that Appellant pay the costs upon release from confinement. And because Appellant has not argued that the trial court's determination that he should pay the court costs at some later date, as opposed to the other options available to it under Article 42.15(a-1)(1), amounted to an abuse of discretion, we hold that remanding the cause for a gratuitous inquiry when the resultant determination already is apparent from the record would amount to an unnecessary exercise and a waste of judicial resources.[3] *See **Sloan v. State***, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.) (analyzing same argument). Appellant's second issue is overruled.

## DISPOSITION

Having sustained Appellant's first issue, we ***modify*** the trial court's judgment and the clerk's revocation bills of costs to delete the improperly assessed attorney's fees in the amount of $1,115.00. *See **Cates v. State***, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Having overruled Appellant's second issue, we ***affirm*** the trial court's judgment as ***modified.***

BRIAN HOYLE
Justice

Opinion delivered December 14, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)

---

[3] Even if Appellant disagrees with the trial court's "pay later" determination, he is not harmed by his failure to raise it on appeal. If, upon his release, Appellant is unable to pay the court costs, he can seek relief from the trial court at that time. *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(a), (c) (West Supp. 2023) (if defendant notifies court that he has difficulty paying costs in compliance with court's judgment, court shall hold hearing to determine whether that portion of judgment imposes undue hardship on him; and, if it determines that such undue hardship exists, court shall consider whether costs should be satisfied through one or more methods listed under Texas Code of Criminal Procedure, Article 42.15 (a-1)). The trial court retains jurisdiction for the purposes of making such a determination. *See id.* art. 43.035(e).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 14, 2023**

**NO. 12-23-00068-CR**

**WALTER PHILLIP SCHUMANN, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court
of Houston County, Texas (Tr.Ct.No. 20CR-165)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the improperly assessed attorney's fees in the amount of $1,115.00; in all other respects, the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*