**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00369-CR**
_____

**ERIC RAY-MARTIN THIBODEAUX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A220610-R**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Eric Ray-Martin Thibodeaux (Appellant or Thibodeaux) for burglary of a habitation, a first-degree felony. *See* Tex. Penal Code Ann. § 30.02. The trial court found Thibodeaux indigent and appointed counsel. Thibodeaux pleaded "not guilty" to the offense. A jury found Thibodeaux guilty as charged, and Thibodeaux elected for the trial court to assess punishment. The State filed a Notice of Intent to Enhance Defendant's Punishment, providing to Thibodeaux notice that the State intended to enhance Thibodeaux's punishment

1

based on Thibodeaux's prior felony offenses of possession of a controlled substance and assault family violence. At the beginning of the sentencing hearing, the trial court accepted the jury's verdict of "guilty," and rendered judgment in accordance therewith. In the sentencing hearing, the trial court took judicial notice of a pre-sentence investigation report that had been prepared, Thibodeaux pleaded "true" to the enhancement allegations, and evidence was presented to the trial court regarding sentencing. At the end of the sentencing hearing the trial court made an affirmative finding that Thibodeaux used a deadly weapon in the burglary-of-a-habitation offense, and the trial court sentenced Thibodeaux to forty years of confinement. The written judgment included an assessment for court costs in the amount of $290 and "Reimbursement Fees" in the amount of $860. Thibodeaux timely appealed. On appeal, Thibodeaux argues that including the reimbursement fees in the final judgment was error because they were a punishment and were not orally pronounced in his presence. Thibodeaux requests that the judgment should be modified to delete the reimbursement fees.[1] The State argues that no part of the reimbursement fees relate to Thibodeaux's court-appointed attorney's fees and that none of the cases cited on appeal by Thibodeaux refer to reimbursement fees.

---

[1] On appeal, Thibodeaux only challenges the assessment of $860 in reimbursement fees and does not challenge the $290 in court costs.

Analysis

Court costs are not punitive and do not have to be included in the oral pronouncement as a precondition to their inclusion in the written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The imposition of court costs does not alter the punishment range, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* Tex. Code Crim. Proc. Ann. art. 42.16; *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). "Only statutorily authorized court costs may be assessed against a criminal defendant[.]" *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Costs cannot be imposed "for a service not performed or for a service for which a cost is not expressly provided by law." Tex. Code Crim. Proc. Ann. art. 103.002. Court costs are supported if there is a bill of costs denominating the amount assessed and if those costs are authorized by statute. *See id.* arts. 103.001-.002. Even so, certain reimbursement fees, such as attorney's fees, cannot be assessed against an indigent defendant unless the court has subsequently determined the defendant has the financial resources to pay. *See id.* arts. 26.04(p) (a defendant determined to be indigent is presumed to remain indigent); 26.05(g) (providing for reimbursement of fees for costs of legal services if the judge determines a defendant has financial resources); *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding judgment should be reformed to remove assessment of attorney's fees because there

3

was no finding in the record an indigent defendant could repay costs of court-appointed counsel).

Since the appellate record here did not contain a bill of costs, we requested one. *See* Tex. Code Crim. Proc. Ann. art. 103.006 (requiring a bill of costs); *see also* Tex. R. App. P. 34.5(c)(1) (allowing for supplementation of clerk's record even if relevant item was omitted). The bill of costs filed as part of the supplemental clerk's record reflects "reimbursement fees" were assessed for something other than fees for the court-appointed attorneys, and the bill shows the amount of $860: $795 for "Psychiatric Testing[,]" $50 for "Orange Co Sheriff (R) $50[,]" and $15 for "Time Pmt Reimbursement Fee $15 CCP 102.030[.]" The reimbursement fee of $50 for the sheriff and $15 time payment were recoupment of costs authorized by statute, and thus did not have to be orally pronounced. *See* Tex. Code Crim. Proc. Ann. arts. 102.011(a)(2) (authorizing $50 peace officer reimbursement fee); 102.030(a) (authorizing $15 time payment reimbursement fee); *see also Weir*, 278 S.W.3d at 366-67. As for the reimbursement fee of $795 for the psychiatric testing, that reimbursement fee is not a recoupment cost authorized by statute, and to the extent the fee depended upon Thibodeaux's ability to pay, there is nothing in the record showing Thibodeaux's indigent status changed.

The Texas Rules of Appellate Procedure authorize us to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2(c). Because the record

4

does not support the award of $795 for the reimbursement of psychiatric testing, we modify the judgment by deleting the reimbursement fees award of $860 and we replace it with the amount of $65, because that is the total amount of the reimbursement fees that were authorized by statute. Appellant's issue is sustained in part and overruled in part.

We also note that the trial court's final judgment incorrectly states "JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL[,]" that Thibodeaux pleaded "GUILTY" to the offense, and that the "Terms of Plea Bargain" were "FORTY (40) YEARS IN AN INSTITUIONAL DIVISION, TDCJ[.]" According to the record, Thibodeaux pleaded "not guilty" to the offense, there was no plea bargain agreement, a jury found him guilty as charged in the indictment, and the trial court sentenced Thibodeaux to forty years of confinement. This Court has authority to modify the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *see also Kirkland v. State*, 488 S.W.3d 379, 383-84 (Tex. App. Beaumont 2016, no pet.) (citing *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986) (an appellate court may correct the judgment on appeal when it has the necessary data and evidence before it to do so)). We delete the portion of the judgment stating "JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL" and substitute the following "JUDGMENT OF CONVICTION BY

JURY[,]" we delete the plea of "GUILTY" and substitute "NOT GUILTY[,]" and we delete the language within the section "Terms of Plea Bargain[,]" but we otherwise affirm the trial court's judgment as modified.

AFFIRMED AS MODIFIED.

LEANNE JOHNSON
Justice

Submitted on August 21, 2024
Opinion Delivered August 28, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.